UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08-CR-625 |
| v. | ) | |
| | ) | Charles Norgle |
| ALEXANDER VASQUEZ | ) | U.S. District Judge |
| | ) | |

**MOTION FOR SENTENCE REDUCTION PURSAUNT TO**
**FEDERAL RULE OF CRIMINAL PROCEDURE 35**

The UNITED STATES OF AMERICA, by LORETTA E. LYNCH, United States Attorney General, Gregory J. Haanstad, Acting United States Attorney for the Eastern District of Wisconsin, and Michael Chmelar, Assistant United States Attorney, files this motion to reduce the defendant's sentence pursuant to Federal Rule of Criminal Procedure 35(b)(2)(C).

**A. Background**

On or about September 4, 2008, a federal grand jury in the Northern District of Illinois returned a two-count indictment that charged Alexander Vasquez, Joel Perez, and Carlos Cruz with conspiring to and attempting to knowingly and intentionally possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 846. (R. 17).[1]

On April 30, 2009, pursuant to a written plea agreement, Carlos Cruz pled guilty to the drug conspiracy charge. (R. 90). On August 17, 2009, pursuant to a written plea agreement with the government, Joel Perez pled guilty to the drug conspiracy charge. (R. 111).

On August 25, 2009, the case against Mr. Vasquez proceeded to trial. (R. 120). On

---

[1] Citations to original record for the case *United States v. Alexander Vasquez*, Case No. 08-CR-625, are "R." followed by the applicable document number on the case docket.

August 27, 2009, Marina Collazo testified on behalf of Alexander Vasquez.[2] (R. 183). During her direct examination, Marina Collazo provided an innocent explanation as to why Mr. Vasquez was at the scene of a 1-kilogram cocaine deal, driving a Pontiac Bonneville that contained $23,000 in a secret compartment. (R. 183). More specifically, Marina Collazo testified that Mr. Vasquez unwittingly drove the Bonneville to the cocaine deal in order to pick up Joel Perez because she asked him to do it. (R. 183). Marina Collazo further testified that Mr. Vasquez initially tried to drive his own car (a Toyota) to pick up Joel Perez. Ms. Collazo testified that the Bonneville was parked behind Mr. Vasquez's garage and prevented him from driving his own car out of the garage, so he took the Bonneville instead. (R. 183).

On September 3, 2009, a jury found Mr. Vasquez guilty of the drug conspiracy charge, but not guilty of attempting to possess cocaine. (R. 135). On December 4, 2009, this Court sentenced Mr. Vasquez to 240 months of imprisonment. (R. 152).

Mr. Vasquez appealed his conviction. On March 14, 2011, the Seventh Circuit Court of Appeals affirmed Mr. Vasquez's conviction. On November 28, 2011, the U.S. Supreme Court granted Mr. Vasquez's petition for writ of certiorari. On April 2, 2012, the writ of certiorari was dismissed as improvidently granted.

**B.      Cooperation and Recommendation**

In October 2013, Mr. Vasquez began cooperating with government's investigation of Marina Collazo and Beau B. Brindley. On October 1, 2013, the government interviewed Mr. Vasquez pursuant to a proffer agreement. During his October 1, 2013 interview, Mr. Vasquez

---

[2] At the time of the trial, Marina Collazo was married to Joel Perez and known by the name "Marina Perez."

2

stated that Marina Collazo committed perjury at his trial when she testified that that she asked him to pick up Joel Perez in Arlington Heights. Mr. Vasquez stated that Mr. Brindley was the source of the false testimony. Mr. Vasquez indicated that Mr. Brindley had also prepared him to testify falsely at his trial in the event he needed to testify on his own behalf.

During the October 1, 2013 interview, Mr. Vasquez stated that contrary to Marina Collazo's testimony, he knowingly conspired with Joel Perez to buy a kilogram of cocaine on August 5, 2008. Mr. Vasquez stated that as part of that agreement with Joel Perez, Mr. Vasquez knowingly drove a car containing $23,000 in a secret compartment to the drug deal staged in Arlington Heights.

At the government's request, Mr. Vasquez testified before a federal grand jury. Information obtained from Mr. Vasquez was used in an affidavit to established probable cause in support of a complaint that charged Marina Collazo with making false material declarations under oath, in violation of 18 U.S.C. § 1623(a), when she testified before this Court in *United States v. Alexander Vasquez*, 08-CR-625. After Marina Collazo was charged by complaint, she began cooperating with the government's investigation of Mr. Brindley and his law practice. Information obtained from Mr. Vasquez was also used in an affidavit to establish probable cause in support of a search warrant of Mr. Brindley's law office.

Marina Collazo and Beau Brindley were subsequently indicted for conspiring to make material false declarations under oath, in violation of 18 U.S.C. § 1623(a); and to obstruct justice, in violation of 18 U.S.C. § 1512(c)(2). The grand jury relied on Mr. Vasquez's testimony, in part, to return an indictment against Ms. Collazo and Mr. Brindley. On November

5, 2014, Marina Collazo pled guilty to conspiring with Mr. Brindley to make material false declarations under oath, and to obstruct justice.

The case against Mr. Brindley proceeded to trial. Mr. Brindley's trial began on August 17, 2015, and concluded on August 31, 2015. At the government's request, Mr. Vasquez testified at Mr. Brindley's trial before U.S. District Judge Harry D. Leinenweber. Mr. Vasquez's trial testimony was consistent with his grand jury testimony and statements he made to the government during previous debriefings.

Mr. Brindley and his co-defendant were found not guilty of all counts following a bench trial before Judge Leinenweber. Judge Leinenweber did not issue a written ruling. Instead, the Judge Leinenweber read his ruling from the bench. The government has reviewed the transcript of the verdict and does not believe the court made any specific adverse credibility finding as to any particular government witness. A copy of the transcript that contains the court's ruling is attached to this filing for this Court to review and make its own determination.

In exchange for Mr. Vasquez's truthful cooperation in the government's investigation and prosecution of Marina Collazo and Mr. Brindley, the government agreed to file a motion pursuant to Federal Rule of Criminal Procedure 35. Rule 35(b)(2)(C) states that "[u]pon the government's motion made more than one year after sentencing, the court may reduce a sentence if the defendant's substantial assistance involved (C) information the usefulness of which could not reasonably have been anticipated by the defendant until more than one year after sentencing and which was promptly provided to the government after its usefulness was reasonably apparent to the defendant . . . ."

As described above, Mr. Vasquez provided substantial assistance to the government during its investigation and prosecution of Marina Collazo and Mr. Brindley. In exchange for his substantial assistance, the government requests this Court reduce Mr. Vasquez's sentence by 40%. A sentence reduction of 40% would reduce Mr. Vasquez's sentence by approximately 96 months, and leave him with a new sentence of 144 months of imprisonment.

Although Mr. Brindley was acquitted, the government's agreement with Mr. Vasquez was *not* conditioned on a particular trial outcome. It is the government's position that Mr. Vasquez cooperated fully and testified truthfully (before the grand jury and at trial) and the trial result was not the result of a deficiency in his cooperation. Moreover, Marina Collazo pled guilty, and is scheduled to be sentenced in December 2015. Information provided by Mr. Vasquez served an important government interest, and the government believes the recommended sentence reduction is warranted and just.

**C.     Conclusion**

For the reasons stated above, the government respectfully moves this Court to reduce Mr. Vasquez's original sentence by 40%, and resentence him to 144 months of imprisonment.

>                Respectfully submitted,
>
>                LORETTA E. LYNCH
>                United States Attorney General
>
>                GREGORY J. HAANSTAD
>                Acting United State Attorney
>                Eastern District of Wisconsin
>
> By:    *s/Michael Chmelar*
>                MICHAEL CHMELAR
>                Assistant United States Attorney
>                Eastern District of Wisconsin
>                517 E. Wisconsin Avenue
>                Milwaukee, WI, 53202